Good morning. Good morning, Your Honor. Before you start the calendar, I'm glad we were able to accommodate your schedule. However, when you wait that late, it's not we're not like a trial court. I understand. We have someone here from New Mexico. We can't, like, reconstitute the panels easily. So in the future, you need to ask earlier. I appreciate that, Your Honor. Thank you very much. But we were able to do it, so we're happy to do so. Go ahead. You may proceed. Okay. May it please the Court. There's really two issues in this case. The first issue is really the breadth of the idle factors on default. As you know, there's – Could you speak a little louder into the microphone, please? I will, Your Honor. So there's two issues in this case. As you know, this is a malpractice negligence case that was brought because the attorney did not file a brief in the Ninth Circuit, and as a result, the client lost their rights to have an appeal heard on the underlying, the Banning case, which resulted in a judgment against her for $630,000. Mr. Edmondson, you don't disagree with the proposition that in order for your client to win, she had to allege and prove that the failure to file the opening brief was a proximate cause of her losing the case, correct? Correct. So the issue – the case within the case. Right. So now the court below looked at all the facts proved up on the motion to enter default judgment and found them to be legally insufficient. Let's put that to one side. You have a problem. Let me read to you the allegation of the complaint as to proximate causation. Alan Ball's failure to file the opening brief was the proximate cause of the dismissal of the appeal. Have you ever heard of Iqbal or Twomley? This is a formulaic allegation of the elements of the cause of action without any facts that make the claim plausible. And under our circuit decision in Direct TV written by Judge Betty Fletcher, you have to allege – your complaint has to be sufficient under 12b-6 in order to ask for a default judgment. Your complaint doesn't do that. Now, what am I missing? Your Honor, if the test was a Twomley test, then the remedy would be for the court, the district court, to allow the plaintiff in this action to file a First Amendment complaint because it's insufficient. Did you request one? Well, Your Honor, we had three rounds of default with this judge, and she never raised an issue of insufficiency of the pleadings. So she didn't – that's not why she didn't rule in your favor. She allowed you an opportunity to prove up. We proved up and we had a sufficient record at those prove-ups. I think there's three. Let me ask you a question. Were we to be so gracious as to remand to allow the district court to consider a leave to amend, would you be in favor of amending your complaint? I would, Your Honor. And then you would have to serve it on the defendant. I would serve it again. And then he would get notice and have a chance to come into court. And he might do that. He might do that. Okay. With regard to the second issue, which, to be quite honest, the Seventh Amendment issue, I could – and I'll be honest, I could not find any case law in this issue whether upon default if a plaintiff or the defendant defaults has a right to demand a jury trial. We did make a demand for a jury trial. The judge rejected it. But at the end of the day, this is a constitutional issue. Well, but you found that the alleged errors you brought forward, the insufficiency of the expert testimony, the exemption under the oil exemption, were not justiciable because as a matter of law, they didn't exist as real defenses. Well, that's where I've been. You weren't able to do that? Well, that's where I would beg to differ because if the standard of a case within a case is such that we have to examine the factual issues of why the attorney didn't file the brief and why it's necessary to file a brief almost, I would say, per se negligent standards, the jury should be someone to entertain that. And she's substituting her review of the facts for the jury. Well, she heard the facts in the case, right? She heard the facts in the underlying case. Yes. And said you're not, you can't win, right? She, well, that's the issue here is that she had already made a decision in the underlying banning case. So she had a, what I would say, I would say a bit of an understanding of the case, but it also influences her decision in making this decision on the default judgment. Well, let's, okay, then the opening brief articulates the number of arguments upon which Ms. Durow contends we would have reversed the underlying judgment against her if only Mr. Allen-Bodd filed an opening brief. Which of those grounds, if any, were raised in the underlying CERCLA proceedings? For example, if any are identified, where can they be found in the record? If none of the arguments were raised in the CERCLA proceeding, we ordinarily deem those assertions of error not presented at the trial or waived. Why would we have reversed the judgment against Ms. Durow on grounds not presented to the district court in the CERCLA proceedings? Did she raise a Daubert challenge to the city's expert in the CERCLA trial? So if so, where is it in the record? So, you know, it's like you raise all of these things and you say we would have won, but if none of them were raised in the lower, they're all going to be waived. Well, Your Honor, that's the inherent problem. It might be waived in lower, but we don't know what the outcome would have been if. Well, but if you don't raise issues in the district court and you raise them for the first time in appeal, that's appeals 101. Understood. But that wasn't my appeal. The appeal there was the appeal that Allen-Bodd didn't file. Here is a negligence case where Allen-Bodd, the lawyer, didn't file an appellate brief. We can't predict. I know, but you say in your open, you say we're going to raise all of these things, and as far as I can tell, all of the things that you want to raise, that would be why you would win, weren't raised below. So you'd be hit with waiver. Is that? No, Mr. Allen. Am I making that up? No. This is where I, what Mr. Allen-Bodd could, these are the things that Mr. Allen-Bodd should have raised when he filed the opening brief in this court. We don't know what panel would have heard those arguments and what decision that court would have made. Because, and we can't predict with any certainty with what that outcome would have been. That is the negligence of appellate counsel for not filing a brief. Obviously, if appellate counsel doesn't file an opening brief and it's never heard by a court, you're never going to get a decision about the underlying district court case. Because of that, DeRoe lost any possibility of having a reversal in the Ninth Circuit in the brief that Allen-Bodd didn't file. We don't know what the outcome of that case would be. There is a statistical probability that a panel. Well, okay, but it's not, you have to show some, you have to show proximate cause to the not filing the brief, right? You have to be able to show that you, like a mere 0.005% chance that you might win isn't necessarily going to get you there, right? It might not get me there, but I think we showed sufficient things of what Allen-Bodd might have argued before the Ninth Circuit that could have at least. Did Allen-Bodd try the case? Allen-Bodd was responsible for the appeal. Who tried the case? A different lawyer tried the case. I mean, I was brought in after the fact. That would be, if the trial lawyer didn't raise these points, that would be the trial lawyer's negligence. It would be the trial lawyer's negligence. But you're saying you should have a chance in opening brief to say the points weren't waived or if they were waived, it's not important, we can still take a look at it, et cetera, et cetera. Precisely. I mean, it's a tricky problem because if appellate counsel has really, I would say, one job to do at the very least, and that is to file an opening brief. Otherwise, you'll never hear that argument. You can never make a decision. Ultimately, you might say you failed, just like you said to me, here are the points that were defective in your brief. But Durow never got that chance with Allen-Bodd. So in my view, it's almost a negligence per se standard. If you've got one job to do, you should do it. Do you have any case law that says not filing the opening brief is negligence per se on malpractice? Well, it was that one case out of Ohio where the dissenting opinion was critical of the majority opinion for these precise reasons. And it just doesn't come to mind right now, but it was in the brief. Okay. Thank you very much. We don't appear to have any additional questions. Your time has expired. Thank you very much for your time. I appreciate it. You're welcome.
judges: Kelly, Callahan, Bea